UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:13-cv-60153 – Civ (Judge _____)

BRETT BOLTON, M.D., an individual,
    Plaintiff,
vs.
BOSLEY, INC., a California corporation,
and ADERANS CO. LTD, a Japanese corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Brett Bolton, M.D. ("Dr. Bolton"), sues Defendants, Bosley, Inc. ("BOSLEY"), and Aderans Co. Ltd ("ADERANS"), and alleges as follows:

### I. PARTIES

1. Plaintiff Brett Bolton, M.D. is a medical doctor specializing in hair transplant procedures. His principal place of business is in Fort Lauderdale, FL.

2. Defendant Bosley, Inc. is a global company specializing in medical hair restoration. It has a regional surgical office located in Boca Raton, FL, a consultation office located in Miami, FL, and a headquarters located in Beverly Hills, CA.

3. Defendant Aderans Co., Ltd is a Japanese company that does business in Florida. It is a group of twenty-three world-wide subsidiaries specializing in hair-related products and medical hair restoration solutions. Aderans Co. Ltd conducts business in Boca Raton, FL, by and through its subsidiary Bosley, Inc.

### II. JURISDICTION AND VENUE

4. This is an action for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); for copyright infringement under Section 501 of the

1

Copyright Act, 17 U.S.C. §501; for unfair competition pursuant to Florida Statutes §501.201, *et. seq.*; for false advertising pursuant to Florida Statutes §772.104 and §817.40 *et seq.*; for unfair competition and false advertising under the common law of Florida and other states in which Defendants are conducting their activities; and for unjust enrichment.

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338, 2201 and 2202 and 15 U.S.C. §§1051, *et. seq.*

6.  This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 and the doctrine of supplemental jurisdiction.

7.  The exercise of personal jurisdiction in Florida is proper because BOSLEY and ADERANS regularly transact business in Florida. Moreover, the acts giving rise to the Plaintiff's causes of action have occurred in Florida and specifically in the Southern District of Florida. BOSLEY and ADERANS market, promote, advertise, and perform their hair transplant services throughout the United States, including Florida. Defendants have purposely placed Plaintiff's videos on their website, falsely promoting their services throughout the United States.

8.  Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### III.  FACTUAL BACKGROUND

9.  Dr. Bolton created a method for performing hair transplant procedures and freely provides access to that method for competitors. Dr. Bolton has not patented this method and allows other doctors to use this method.

10.  Dr. Bolton promotes his services via instructional and informational videos on YouTube.

11. On December 7, 2010, Dr. Bolton uploaded a video titled, "Hair Transplant Cost: Affordable Hair Transplant," ("Dr. Bolton's Video") onto YouTube.

12. Dr. Bolton's Video explains how Dr. Bolton charges customers for hair transplant procedures based on his surgical method.

13. At the conclusion of Dr. Bolton's Video, there is a link to Dr. Bolton's website, "www.GreatHairTransplants.com," and a slogan, "Where Density Matters."

14. Dr. Bolton obtains leads per a specific number of views the video receives. Dr. Bolton's net profit per client is approximately twenty-four thousand dollars ($24,000).

15. On November 16, 2012, BOSLEY, via the YouTube username "MrCarePolice," uploaded a replica of Dr. Bolton's Video, titled, "HAIR TRANSPLANT COST Information from a Real Surgeon HAIR TRANSPLANT COSTS" ("The Copied Video"), with a link to "www.bosleycost.net" on the page. BOSLEY similarly used Twitter.

16. The video in question had a watermark across the bottom: www.bosleycost.net which intentionally misrepresents the source of the video and intentionally implies an affiliation between Dr. Bolton and BOSLEY when no such affiliation exists.

17. The Copied Video does not link the viewer to Dr. Bolton's website, www.GreatHairTransplants.com, or state the slogan on Dr. Bolton's Video, "Where Density Matters." Rather, the conclusion of The Copied Video states, "Prices, Facts, and Alternatives," and links the viewer to www.bosleycost.net with the statement: "Get informed before deciding!"

18. The Copied Video had 31,224 hits. Dr. Bolton's Video had 22,617 hits.

19. On November 23, 2012, Dr. Bolton was notified by his technology service that the The Copied Video had been uploaded by BOSLEY via the YouTube username "MrCarePolice."

20. BOSLEY has a history of misleading and false advertising. In 1996, BOSLEY was investigated based upon numerous consumer complaints and was found to have advertised based on misleading "after" pictures, where BOSLEY showed men who went through the hair transplant procedures. These men turned out to be BOSLEY employees who never went through the hair transplant procedure. See also: www.bosleymedicalviolations.com.

21. BOSLEY previously sued one Michael Kremer for using BOSLEY's trademark as a website domain. As such, BOSLEY is aware of websites on the Internet using BOSLEY information.

22. Thus, BOSLEY had a duty to prevent the owner of www.bosleycost.net from infringing on Dr. Bolton's copyrighted materials.

23. Even if BOSLEY did not have a duty to prevent www.bosleycost.net from using Dr. Bolton's Video to promote its company, BOSLEY still profited from the infringement and had the right and ability to prevent the infringement from occurring or continuing.

24. Dr. Bolton was defamed in the hair transplant community, as BOSLEY does not enjoy the same high level of respect attributable to Dr. Bolton.

25. BOSLEY purposefully participated in the unauthorized use of Dr. Bolton's image and likeness, which led to potential leads for Dr. Bolton being directed to www.bosleycost.net and inevitably to BOSLEY's website, www.bosley.com.

26. BOSLEY misrepresented Dr. Bolton as a surgeon for BOSLEY, knew or should have known that Dr. Bolton was not affiliated with BOSLEY, which was confusing to consumers, resulting in lost profits and injury to Dr. Bolton's reputation.

27. BOSLEY knew or should have known, and actively participated in, the misrepresentation of Dr. Bolton's affiliation with BOSLEY and failed to prevent the infringement.

28. BOSLEY posted The Copied Video on YouTube representing Dr. Bolton as a surgeon for BOSLEY.

29. Dr. Bolton is not affiliated with BOSLEY and is in direct competition with BOSLEY.

30. The hair transplant industry is a niche market.

31. Of the people viewing The Copied Video, most will lead to transplant procedures.

32. Of those leads, most will come across BOSLEY and the negative implications regarding BOSLEY's business practices.

33. Thus, those that viewed The Copied Video would mistakenly associate Dr. Bolton's image, likeness, and person with BOSLEY and BOSLEY's business practices, defaming Dr. Bolton.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT OF DR. BOLTON'S VIDEO

34. Dr. Bolton re-alleges and incorporates by reference paragraphs 1-33 above as if fully set forth herein.

35. Dr. Bolton registered Dr. Bolton's Video with the United States Copyright Office on December 18, 2012.

36. Dr. Bolton's Video is an original production which contains copyrightable subject matter under the laws of the United States. Dr. Bolton owns valid and subsisting copyrights in and to Dr. Bolton's Video.

37. Dr. Bolton's copyright is a valuable asset and integral to Dr. Bolton's marketing and sales of his hair transplantation procedures.

38. BOSLEY edited Dr. Bolton's Video to include a watermark stating, "www.bosleycost.net" across the bottom of The Copied Video.

39. No credit was given to Dr. Bolton for the The Copied Video's upload.

40. The Copied Video was uploaded with the purpose of directing potential clients to www.bosleycost.net rather than to Dr. Bolton's website, www.GreatHairTransplants.com.

41. Dr. Bolton's Video was reproduced in full except for the relevant portions that direct viewers to Dr. Bolton's information and services. This information was merely substituted with a link to a website which provided BOSLEY's information and services.

42. By copying and using Dr. Bolton's Video without authorization from Dr. Bolton, Defendants are committing copyright infringement in violation of the exclusive rights that Plaintiff owns pursuant to the Copyright Act, 17. U.S.C. §106.

43. The copyright infringement by Defendants is knowing, intentional, deliberate, and willful and with full knowledge and in conscious disregard of Dr. Bolton's copyright.

44. ADERANS, as BOSLEY's parent company, is liable for copyright infringement because it knows or has reason to know of BOSLEY's copying and using Dr. Bolton's Video without authorization from Dr. Bolton, but continued to permit the same and accept the benefits.

45. As a result of Defendants' acts of infringement, Dr. Bolton is entitled to recover his actual damages and any additional profits of Defendants pursuant to 17 U.S.C. §504(b).

**COUNT II**
**FALSE ADVERTISING IN VIOLATION OF SECTION 43(A)(1)(B) OF THE LANHAM ACT, 15 U.S.C. §1125(a)(1)(B)**

46. Dr. Bolton re-alleges and incorporates by reference paragraphs 1-33 above as if fully set forth herein.

47. The Copied Video contains materially false statements regarding its purported affiliation with Dr. Bolton. The statements misrepresent the nature, characteristics, and quality of BOSLEY's services. These are material misrepresentations upon which at least the public, marketplace, healthcare providers, customers, or potential customers have, and will, rely. BOSLEY's actions therefore mislead and harm customers and consumers, among others, as well as damage Dr. Bolton's sales, good name and reputation, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

48. ADERANS, as BOSLEY's parent company, is liable for false advertising because it knows or has reason to know of BOSLEY's false and misleading advertising but continued to permit the same and accept the benefits.

49. By reason of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation, and goodwill. Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, in an amount to be determined at trial, and recovery of Plaintiff's costs and reasonable attorneys' fees in this action.

50. Defendants' acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

**COUNT III**
**UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A)(1)(A) OF THE LANHAM ACT, 15 U.S.C. §1125(a)(1)(A)**

51. Dr. Bolton re-alleges and incorporates by reference paragraphs 1-33 above as if fully set forth herein.

52. Dr. Bolton has become uniquely associated with a very specific hair transplantation procedure which he invented and the public identifies Dr. Bolton as the source for the same.

53. BOSLEY markets and continues to market its inferior services as being endorsed by, performed by, or affiliated with Dr. Bolton and in doing so has misled, deceived, and confused consumers. This has enabled BOSLEY to trade off of Dr. Bolton's reputation and good will. Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, an accounting of profits made by Defendants, and recovery of Plaintiff's costs and reasonable attorneys' fees in this action.

54. ADERANS, as BOSLEY's parent company, is liable for unfair competition because it knows or has reason to know that BOSLEY misled, deceived, and confused consumers but continued to permit the same and accept the benefits.

**COUNT IV**
**FALSE ADVERTISING IN VIOLATION OF FLORIDA STATUTES §772.104 AND §817.40 *et seq.***

55. Dr. Bolton re-alleges and incorporates by reference paragraphs 1-33 above as if fully set forth herein.

56. The Copied Video contains materially false statements regarding BOSLEY's purported affiliation with Dr. Bolton. The statements misrepresent the nature, characteristics, and quality of BOSLEY's services. These are material misrepresentations upon which at least the

public, marketplace, healthcare providers, customers, or potential customers have, and will, rely. BOSLEY's actions therefore mislead and harm customers and consumers, among others, as well as damage Dr. Bolton's sales, good name and reputation in violation of §817.40, F.S.

57.     ADERANS, as BOSLEY's parent company, is liable for false advertising because it knows or has reason to know of BOSLEY's false and misleading advertising but continued to permit the same and accept the benefits.

58.     By reason of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation, and goodwill. Pursuant to Chapter 772, F.S., Plaintiff is entitled to damages for Defendants' violations, in an amount to be determined at trial, and recovery of Plaintiff's costs and reasonable attorneys' fees in this action.

59.     Defendants' acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to Section 772.185, F.S.

## COUNT V
## UNFAIR COMPETITION IN VIOLATION OF FLORIDA STATUTES §501.201, *et. seq*.

60.     Dr. Bolton re-alleges and incorporates by reference paragraphs 1-33 above as if fully set forth herein.

61.     Dr. Bolton has become uniquely associated with a very specific hair transplantation procedure which he invented, and the public identifies Dr. Bolton as the source for the same.

62.     BOSLEY marketed and continues to market its inferior services as being endorsed by, performed by, or affiliated with Dr. Bolton and in doing so has misled, deceived, and confused consumers. This has enabled BOSLEY to trade off of Dr. Bolton's reputation and good will. Pursuant to Florida Statutes §501.201, Plaintiff is entitled to damages for Defendants'

9

violations, an accounting of profits made by Defendants, and pursuant to Florida Statutes §501.2105, recovery of Plaintiff's costs and reasonable attorneys' fees in this action.

63. ADERANS, as BOSLEY's parent company, is liable for unfair competition because it knew or had reason to know that BOSLEY misled, deceived, and confused consumers but continued to permit the same and accept the benefits.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

64. Dr. Bolton re-alleges and incorporates by reference paragraphs 1-33 above as if fully set forth herein.

65. With full knowledge of Plaintiff's lack of affiliation with Defendants, Defendants have made false and misleading explicit and implicit representations to the general public, potential patients, doctors, and others, that its services are affiliated with Plaintiff.

66. Defendants' misleading representations are likely to cause confusion, mistake, or deception about the nature, characteristics, and qualities of their services in comparison, connection, or association with Plaintiff.

67. Defendants know, or in the exercise of reasonable discretion should know, that its marketing program uses Dr. Bolton's Video and likeness and the deception about the nature, characteristics, and qualities of their services in comparison, connection, or association with Plaintiff.

68. Defendants' actions are willful and have been undertaken with the purpose of deceiving consumers.

69.     ADERANS, as BOSLEY's parent company, is liable for unfair competition because it knows or has reason to know that BOSLEY misled, deceived, and confused consumers but continued to permit the same and accept the benefits.

70.     Plaintiff is entitled to damages for Defendants' unfair competition, an accounting of profits made on sales resulting from the display of the Copied video, and recovery of Plaintiff's costs in this action.

## COUNT VII – UNJUST ENRICHMENT

71.     Dr. Bolton re-alleges and incorporates by reference paragraphs 1-33 above as if fully set forth herein.

72.     Defendants' acts complained of herein constitute unjust enrichment of Defendants at the expense of Plaintiff under the common law of the State of Florida.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment be entered in his favor and against Defendants, BOSLEY and ADERANS, as follows:

A.     lost profits;

B.     BOSLEY's profits due to the infringement;

C.     costs;

D.     attorney's fees;

E.     reasonable royalties;

F.     punitive damages.

G.     An order that Defendants take corrective action to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of BOSLEY's services, including without limitation, the placement of corrective advertising.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated the 22nd day of January, 2013.

        Respectfully submitted,

        By: __s/ Morgan J. McGrath_____
        Morgan J. McGrath, Esq. (Florida Bar Number: 98685)
        Attorney E-mail address:  morgan@walkermcgrath.com
        Walker McGrath PLLC
        101 NE Third Avenue, Suite 1514
        Fort Lauderdale, FL 33301
        Telephone: (305) 790.1314
        Facsimile: (305) 675.6459

        By: __s/ Michael B. Walker_____
        Michael Bradford Walker, Esq. (Florida Bar No. 98823)
        Attorney E-mail address:  michael@walkermcgrath.com
        Walker McGrath PLLC
        101 NE Third Avenue, Suite 1514
        Fort Lauderdale, FL 33301
        Telephone: (305) 790.1314
        Facsimile: (305) 675.6459

        *Counsel for the Plaintiff*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by certified mail on January 23, 2013 on all counsel or parties of record on the Service List below.

          __s/ Morgan J. McGrath_____
          Signature of Filer

### SERVICE LIST

| | |
|---|---|
| Bosley, Inc. | Aderans Company Limited |
| NRAI Services, Inc. | Nobuo Nemoto, Chairman and President |
| Attn: Nicole Pameli | 9100 Wilshire Blvd. |
| 515 East Park Avenue. | East Tower Penthouse |
| Tallahassee, FL 32301 | Beverly Hills, CA 90212 |