UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-cv-60153-RSR

BRETT BOLTON, M.D., an individual,  :
                                     :
    Plaintiff,                       :
                                     :
v.                                   :
                                     :
BOSLEY, INC., a California corporation, :
and ADERANS CO. LTD., Japanese       :
corporation,                         :
                                     :
    Defendants                       :
_____/

**BOSLEY, INC.'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF, BRETT BOLTON, M.D.'S COMPLAINT**

Defendant, Bosley, Inc. ("**Bosley**") hereby sets forth its Amended Answer and Affirmative Defenses to the Complaint of Plaintiff, Brett Bolton, M.D.:

**I.**

**PARTIES**

1. Without knowledge, therefore denied.

2. Denied.

3. Denied.

**II.**

**JURISDICTION AND VENUE**

4. Plaintiff's Complaint speaks for itself. Without knowledge, therefore denied.

5. Denied.

6. Denied.

7. Denied.

8. Admitted.

## III.

## FACTUAL BACKGROUND

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Denied.

16. Denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Without knowledge, therefore denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT I

## DIRECT COPYRIGHT INFRINGEMENT OF DR. BOLTON'S VIDEO

34. Bosley's responses to Plaintiff's allegations in paragraphs 1 through 33 of Plaintiff's Complaint are incorporated by reference.

35. Without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

38. Denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Denied.

43. Denied.

44. The allegations contained in paragraph 44 are not directed to Bosley, and accordingly, no response is provided.  To the extent any allegations contained in paragraph 44 regard Bosley, they are denied and strict proof thereof is demanded.

45. Denied.

## COUNT II

### FALSE ADVERTISING IN VIOLATION OF SECTION 43(A)(1)(B) OF THE LANHAM ACT, 15 U.S.C. §1125(A)(1)(B)

46. Bosley's responses to Plaintiff's allegations in paragraphs 1 through 33 of Plaintiff's Complaint are incorporated by reference.

47. Denied.

48. The allegations contained in paragraph 48 are not directed to Bosley, and accordingly, no response is provided. To the extent any allegations contained in paragraph 48 regard Bosley, they are denied and strict proof thereof is demanded.

49. Denied.

50. Denied.

## COUNT III

### UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A)(1)(A) OF THE LANHAM ACT, 15 U.S.C. §1125(A)(1)(A)

51. Bosley's responses to Plaintiff's allegations in paragraphs 1 through 33 of Plaintiff's Complaint are incorporated by reference.

52. Without knowledge, therefore denied.

53. Denied.

54. The allegations contained in paragraph 54 are not directed to Bosley, and accordingly, no response is provided. To the extent any allegations contained in paragraph 54 regard Bosley, they are denied and strict proof thereof is demanded.

## COUNT IV

### FALSE ADVERTISING IN VIOLATION OF
### FLORIDA STATUTES §772.104 AND §817.40 *ET SEQ.*

55. Bosley's responses to Plaintiff's allegations in paragraphs 1 through 33 of Plaintiff's Complaint are incorporated by reference.

56. Denied.

57. The allegations contained in paragraph 57 are not directed to Bosley, and accordingly, no response is provided. To the extent any allegations contained in paragraph 57 regard Bosley, they are denied and strict proof thereof is demanded.

58. Denied.

59. Denied.

## COUNT V

### UNFAIR COMPETITION IN VIOLATION OF
### FLORIDA STATUTES §501.201 *ET SEQ.*

60. Bosley's responses to Plaintiff's allegations in paragraphs 1 through 33 of Plaintiff's Complaint are incorporated by reference.

61. Without knowledge, therefore denied.

62. Denied.

63. The allegations contained in paragraph 63 are not directed to Bosley, and accordingly, no response is provided. To the extent any allegations contained in paragraph 63 regard Bosley, they are denied and strict proof thereof is demanded.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

64. Bosley's responses to Plaintiff's allegations in paragraphs 1 through 33 of Plaintiff's Complaint are incorporated by reference.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. The allegations contained in paragraph 69 are not directed to Bosley, and accordingly, no response is provided. To the extent any allegations contained in paragraph 69 regard Bosley, they are denied and strict proof thereof is demanded.

70. Denied.

## COUNT VII

## UNJUST ENRICHMENT

71. Bosley's responses to Plaintiff's allegations in paragraphs 1 through 33 of Plaintiff's Complaint are incorporated by reference.

72. Denied.

## AMENDED AFFIRMATIVE DEFENSES

### First Defense

The Complaint and each and every purported cause of action contained therein fails to state facts sufficient to constitute a cause of action against Bosley.

**Second Defense**

Plaintiff failed to properly and adequately mitigate his damages by failing to timely request You Tube to remove the alleged copied video from its database and/or failing to timely put Bosley on notice of the alleged copied video and any alleged impropriety in connection therewith.

**Third Defense**

Plaintiff is barred from recovery on the grounds of waiver because Plaintiff expressly agreed to allow and permit a worldwide, non-exclusive, royalty-free license to the general public to access, use, reproduce, distribute, display, and make derivative works of his content on You Tube including the alleged copied video.

**Fourth Defense**

Plaintiff is estopped from asserting the claims raised in his Complaint.  Plaintiff freely provides access to his method of performing hair transplant procedures to his competitors, including by posting instructional and informational videos on You Tube.  In reasonable and detrimental reliance thereon, competitors such as Bosley are led to believe that their use of Plaintiff's instructional and informational videos is authorized.

**Fifth Defense**

Plaintiff is barred from recovery on the grounds of Plaintiff's acquiescence to his competitors' use of Plaintiff's method of performing hair transplant procedures including Plaintiff's instructional and informational videos as to same.

**Sixth Defense**

Plaintiff is barred from recovery on the grounds of the doctrine of unclean hands by virtue of Plaintiff's failure to timely request You Tube to remove the alleged copied video from

7

its database and/or failing to timely put Bosley on notice of the alleged copied video and any alleged impropriety in connection therewith and instead registering a copyright for Dr. Bolton's video in an attempt to create a claim for money damages.

### Seventh Defense

Plaintiff's damages, if any, were not caused by Bosley and Bosley is not liable for the wrongful acts of others over whom it has no control.

### Eighth Defense

Plaintiff is barred from recovery for the damages sought based on copyright infringement because of the lack of copyright rights as to the damages sought.

### Ninth Defense

The Lanham Act does not apply because the alleged misrepresentations in the alleged copied video do not concern the "nature, characteristics, qualities, or geographic origin" of "goods, services, or commercial activities" as specified in § 43(a) of the Lanham Act.

### Tenth Defense

Plaintiff's Lanham Act claim fails because the alleged misrepresentations in the alleged copied video were not likely to influence purchasing decisions.

### Eleventh Defense

Plaintiff is not entitled to damages under the Lanham Act because the alleged copied video did not actually deceive those who viewed it.

### Twelfth Defense

Plaintiff is barred from recovery on the grounds of Bosley's fair use of the alleged copyrighted material which is the subject of this litigation, pursuant to 17 U.S.C. § 107.

### Thirteenth Defense

Plaintiff is not entitled to copyright damages because Bosley's alleged wrongdoing in connection with the alleged copied video predated Plaintiff's obtaining a copyright for Dr. Bolton's video on December 18, 2012.

### Fourteenth Defense

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Bosley or Aderans for any single wrong.

### Fifteenth Defense

Plaintiff has failed to state a claim for equitable relief in his Complaint. Therefore, Plaintiff is precluded from obtaining equitable remedies including "an order that Defendants take corrective action to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of Bosley's services, including without limitation, the placement of corrective advertising."

### Sixteenth Defense

The alleged injury or damages suffered by Plaintiff, if any, would be adequately compensated by money damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to equitable relief such as injunctive relief or specific performance.

### Seventeenth Defense

Plaintiff fails to state a basis for recovery of attorney's fees and costs in his Complaint.

**Additional Defenses**

Bosley reserves the right to assert additional defenses based on information learned or obtained during discovery.

        **THORNTON, DAVIS & FEIN, P.A.**
*Attorneys for Defendants Bosley, Inc. and Aderans Co. Ltd.*
Brickell BayView Centre, Suite 2900
80 Southwest 8th Street
Miami, Florida 33130
Tel:   305-446-2646


By: *J. Thompson Thornton*
      **J. THOMPSON THORNTON**
      Florida Bar No.: 356107

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 8, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        **THORNTON, DAVIS & FEIN, P.A.**
*Attorneys for Defendants Bosley, Inc. and Aderans Co. Ltd.*
Brickell BayView Centre, Suite 2900
80 Southwest 8th Street
Miami, Florida 33130
Tel:   305-446-2646


By: *J. Thompson Thornton*
      **J. THOMPSON THORNTON**
      Florida Bar No.: 356107

## SERVICE LIST

*BRETT BOLTON, M.D. V. BOSLEY, INC. AND ADERANS CO. LTD.*
*CASE NO.:  13-CV-60153-RSR*

**Attorneys for Plaintiff**

**Morgan Jaye McGrath**
Walker McGrath PLLC
330 Coconut Isle Drive
Fort Lauderdale, FL 33301
Office:  (786) 303.5825
morgan@walkermcgrath.com


**Michael Bradford Walker**
Walker McGrath PLLC
860 NE 72ND TER
Miami, FL 33138
Office:      305-799-6331
Facsimile:  305-675-6459
michael@walkermcgrath.com