UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-CIV-60153-ROSENBAUM/HUNT

BRETT BOLTON, M.D., an individual,

        Plaintiff,

v.

BOSLEY, INC., a California corporation,
and ADERANDS CO. LTD., a Japanese
corporation,

        Defendants.
_____/

**ORDER ON DEFENDANT ADERANS'S MOTION TO DISMISS COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS AND ON PLAINTIFF'S MOTION FOR LIMITED JURISDICTIONAL DISCOVERY**

This matter is before the Court upon Defendant Aderans Co. Ltd.'s Corrected Amended Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process, [D.E. 22].  The Court has carefully reviewed Defendant's Motion, all supporting and opposing filings, and the record and is otherwise duly advised in the premises.  For the reasons that follow, the Court defers ruling on Defendant's Motion to Dismiss pending six weeks of limited discovery regarding personal jurisdiction and service.

### *I.  Background*

Plaintiff Brett Bolton filed this action against Defendants Bosley, Inc., and Aderans Co. Ltd. for false-advertising and unfair-competition claims stemming from Defendant Bosley's alleged unauthorized use of a video that Dr. Bolton prepared regarding his medical-hair-restoration procedure.  According to the Complaint, Defendant Bosley has created a link on the video to its own medical-hair-restoration business, diverting business from Dr. Bolton to Bosley.  *See* D.E. 1 at ¶¶

15-18. The Complaint further asserts that Aderans is a group of twenty-three worldwide subsidiaries specializing in hair-related products and medical-hair-restoration solutions. *Id.* at ¶ 3. Defendant Bosley is one of Aderans's subsidiaries. *Id.* In its pending Motion to Dismiss, Defendant Aderans seeks to dismiss the Complaint against it for lack of personal jurisdiction and insufficient service of process. *See* D.E. 22.

The Complaint avers that Aderans "is a Japanese company that does business in Floirda" and that it "conducts business in Boca Raton, FL, by and through its subsidiary Bosley, Inc." D.E. 1 at ¶ 3. For its part, Aderans responds that it maintains its principal place of business in Tokyo, Japan. D.E. 22-1 at ¶ 4. Aderans denies that it has ever been registered to conduct business in Florida and asserts that it has never sought authorization to conduct business in Florida. *Id.* at ¶ 5. It further describes itself as not ever having engaged in "substantial business activities, specifically providing or marketing hair transplantation services" in Florida. *Id.* at ¶ 13. Likewise, Aderans denies that it has ever advertised in any way or performed hair-transplantation services within Florida. *Id.* at ¶¶ 11, 15.

On March 11, 2013, service of the Complaint in this case was allegedly made on Aderans Company Limited, Nobuo Nemoto, Chairman and President, by serving Yuka Sakana at 9100 Wishire Blvd., East Tower Penthouse, Beverly Hills, California 90212. *See* D.E. 22-2 at 3. The Affidavit of Service states that John Gonzalez, the process server, spoke with Sakano, who advised that she was "the authorized agent for service and the names provided [were people who work and live in Japan." *Id.* It further notes that Sakano advised that she was the "only person authorized to accept legal documents." *Id.*

In support of Aderans's Motion to Dismiss, however, Sakano has filed a declaration insisting

that she is "not employed by Aderans Co., Ltd." and is "not an agent for Aderans Co. Ltd." D.E. 22-2 at ¶ 4.  Sakano further states that she has "no authority to accept service of process of a Compl[ai]nt for Aderans" and that the address where she was served is "not the corporate offices of Aderans . . . ." *Id*. Finally, Sakano avers that at the time of service, she was informed that a delivery for the legal department had arrived. *Id.* at ¶ 5. She was handed a document and forwarded it to "Legal Counsel," as she "generally" does. *Id.* According to Sakano, she was not informed and did not realize that the document was a Complaint for Aderans. *Id.*

Bolton retorts that Aderans describes itself in its company profile as being in the "main business" of "control and management of business activities undertaken by subsidiaries and affiliates" in Aderans's hair-related business. *See* D.E. 24-5 at 2. It further notes that Aderans issues management plans and expansion plans and strategies to increase revenue for its subsidiaries, including Bosley and Aderans Hair Goods, Inc. *See* D.E. 24 at 3 (citing D.E. 24-6). In addition, Bolton observes, Aderans has placed its board members on boards of these subsidiaries, including Bosley and Aderans Hair Goods. *See id*. (Citing D.E. 24-7, D.E. 24-8, D.E. 24-9). Finally, Bolton points out that Aderans's subsidiaries Bosley, Hair Club, and Aderans Hair Goods are licensed to do business in Florida; that Bosley and Hair Club have six and eight offices, respectively, throughout the state; and that Hair Club's principal address is in Boca Raton. *Id.* at 4. Based on these facts, Bolton contends that it effected good service on Aderans and that this Court enjoys personal jurisdiction over Aderans.

## *II. Analysis*

Under Rule 4(h) of the Federal Rules of Civil Procedure, a corporation, partnership, or association can be served within any judicial district of the United States, either "by serving an

officer, managing or general agent, or any other agent authorized by appointment or by law" or by following Rule 4(e)(1) for serving individuals. Fed. R. Civ. P. 4(h). Under Rule 4(e)(1), the criteria for serving a summons is based on either the law of the state where service occurred or the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). An affidavit of service filed in this case indicates that service occurred in California, so either California or Florida state law may be used to determine whether the service was proper.

Plaintiff notes that Section § 416.10 of the California Code of Civil Procedure allows service on a corporation through a general manager of the corporation. Cal. Civ. Proc. Code § 416.10; *see* D.E. 24 at 16. "A general manager has been interpreted to 'include[ ] any agent of the corporation []of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.'" *Brighton Collectibles, Inc. v. Winston Brands, Inc.*, 2013 U.S. Dist. LEXIS 12694, at *15 (S.D. Cal. Jan. 30, 2013) (citing *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 313 (1998)) (quoting *Eclipse Fuel Eng'g Co. v. Superior Court*, 148 Cal. App. 2d 736, 745-46 (1957)).

While serving a subsidiary does not necessarily effectuate service on a parent company, serving a general manager of a parent company does. *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1227 (C.D. Cal. 2008). Moreover, "a general manager need not be an individual," and certain subsidiaries may be considered general managers under California law on service of process. *Id.* at 1226. In *Khachatryan*, for example, the Court found that Toyota America, a California subsidiary, could act as a general manager for its foreign parent company, Toyota Japan, and thereby receive service on its behalf. *Id.* at 1227. The Court explained that because "Toyota America is 'the distributor of some Toyota vehicles, in certain geographic areas of the United States

4

including . . . California[]'" and "'publishes and distributes marketing materials for Toyota vehicles . . . which contain Toyota [Japan's] logo, trademarks, and tradename[,]' Toyota Japan's relationship with Toyota America gives it 'substantially the business advantages that it would have enjoyed if it conducted business' in the state itself." *Id.* (citing *Sims v. Nat'l Engineering Co.*, 221 Cal. App. 2d 511, 515 (Ct. App. 1963)). "[T]hat relationship was sufficient to render [Toyota America] a general manager for service of process [on Toyota Japan]." *Khachatryan*, 578 F. Supp. 2d at 1227 (2008) (citing *Cosper v. Smith & Wesson Arms Co.*, 53 Cal. 2d 77, 84 (Cal. 1959)).

Alternatively, "[g]eneral managers may be domestic distributors, salesmen or advertisers, or customer service liaisons of foreign manufacturers even if the foreign-domestic relationship is 'casual' or 'non-exclusive' as long as the domestic entity provides the foreign entity an open channel for the regular flow of business from the foreign entity into California." *Brighton Collectibles,* 2013 U.S. Dist. LEXIS 12694, at *16 (citing *Khachatryan*, 578 F. Supp. 2d at 1226 (2008)). In addition, "[when the subsidiary is] responsible for communicating with [the foreign parent company] regarding inquiries from potential and existing customers in the United States, it appears that there would be ample regular contact between [the companies] and that contact would be of sufficient rank and character to make it reasonably certain that [the foreign company] would be appraised of the service of process. *Halo Elecs., Inc. v. Bel Fuse Inc.*, 2010 U.S. Dist. LEXIS 64025, at *9 (N.D. Cal. June 14, 2010).

In view of these considerations and the current state of the record in this case, this Court will reserve judgment on whether Defendant Aderans was properly served, pending six weeks of limited jurisdictional discovery to determine the relationship between Bosley and Aderans.

The next issue concerns Plaintiff's request to withhold determination on the issue of personal

5

jurisdiction and grant limited jurisdictional discovery. For this Court to enjoy jurisdiction over Aderans, Plaintiff must show that at least one of Aderans's subsidiaries acts as an agent through which Aderans conducted "substantial business activity in Florida." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d. 1264, 1272 (11th Cir. 2002). Plaintiff shall use the previously granted six weeks of limited jurisdictional discovery from this date to conduct discovery on this issue as well.

Any supplemental responses to the Defendant Aderans Co. Ltd.'s Corrected Amended Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process and Memorandum of Law, [D.E. 22], shall be filed by **Friday, August 16, 2013.**

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 28th day of June 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record