UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60153-CIV-ROSENBAUM/HUNT

BRETT BOLTON, M.D., an individual,

        Plaintiff,

v.

BOSLEY, INC., a California corporation,
BOSLEY MEDICAL GROUP, P.A., a
Florida corporation, and BOSLEY
MEDICAL GROUP, A MEDICAL
CORPORATION, a California corporation,

        Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, BRETT BOLTON, M.D. ("Bolton"), sues Defendants, Bosley, Inc. ("Bosley, Inc."), BOSLEY MEDICAL GROUP, P.A. ("Bosley Florida"), and BOSLEY MEDICAL GROUP, A MEDICAL CORPORATION ("Bosley California") (collectively referred to as "Defendants"), and alleges as follows:

### I.  PARTIES

1.     Plaintiff Bolton is a medical doctor specializing in hair transplant procedures. His principal place of business is in Fort Lauderdale, FL.

2.     Defendant Bosley, Inc. is a global company specializing in medical hair restoration. It has a regional surgical office located in Boca Raton, FL, a consultation office located in Miami, FL, and a headquarters located in Beverly Hills, CA.

1

3. Defendant Bosley Florida is a Florida corporation doing business in Broward County, Florida.

4. Defendant Bosley California is a California corporation that was registered to transact business in Florida at all times material herein.

## II.  JURISDICTION AND VENUE

5. This is an action for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); for copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. §501; for unfair competition pursuant to Florida Statutes §501.201, *et. seq.*; for false advertising pursuant to Florida Statutes §772.104 and §817.40 *et seq.*; for unfair competition and false advertising under the common law of Florida and other states in which Defendants are conducting their activities; and for unjust enrichment.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338, 2201 and 2202 and 15 U.S.C. §§1051, *et. seq*.

7. This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 and the doctrine of supplemental jurisdiction.

8. The Court's exercise of personal jurisdiction over Bosley, Inc. is proper in Florida because Bosley, Inc. regularly transacts business in Florida. Moreover, the acts giving rise to the Bolton's causes of action have occurred in Florida and specifically in the Southern District of Florida.  Bosley, Inc. markets, promotes, advertises, and performs hair transplant services throughout the United States, including Florida. Bosley, Inc. purposely placed Bolton's videos on its website, falsely promoting its services throughout the United States. This Court's exercise of personal jurisdiction over Bosley, Inc. is consistent with the Constitution of the United States and Florida Stat. § 48.193.

9. The Court's exercise of personal jurisdiction of Bosley Florida is proper because Bosley Florida is a Florida corporation and regularly transacts business in Broward County, Florida. Bosley Florida has marketed, promoted, and transacted business within the State of Florida, infringed Bolton's copyright in Florida, and/or caused injury within the State of Florida. This Court's exercise of personal jurisdiction over Bosley Florida is consistent with the Constitution of the United States and Florida Stat. § 48.193.

10. Bosley California was registered to transact business in the State of Florida. Additionally, upon information and belief, Bosley California has marketed, promoted, and transacted business within the State of Florida, infringed Bolton's copyright in Florida, and/or caused injury within the State of Florida. By virtue of its actions described herein, this Court's exercise of personal jurisdiction over Bosley California is consistent with the Constitution of the United States and Florida Stat. § 48.193.

11. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### III. FACTUAL BACKGROUND

12. Bolton created a method for performing hair transplant procedures and freely provides access to that method for competitors. Bolton has not patented this method and allows other doctors to use this method.

13. Bolton promotes his services via instructional and informational videos on YouTube.

14. On December 7, 2010, Bolton uploaded a video titled, "Hair Transplant Cost: Affordable Hair Transplant," ("Dr. Bolton's Video") onto YouTube.

15. Dr. Bolton's Video explains how Bolton charges customers for hair transplant procedures based on his surgical method.

16. At the conclusion of Dr. Bolton's Video, there is a link to Bolton's website, "www.GreatHairTransplants.com," and a slogan, "Where Density Matters."

17. Bolton obtains leads per a specific number of views the video receives. Bolton's net profit per client is approximately twenty-four thousand dollars ($24,000).

18. On November 16, 2012, Bosley, Inc., Bosley Florida, and/or Bosley California, and/or their agents on their behalves, via the YouTube username "MrCarePolice," uploaded a replica of Dr. Bolton's Video, titled, "HAIR TRANSPLANT COST Information from a Real Surgeon HAIR TRANSPLANT COSTS" ("The Copied Video"), with a link to "www.bosleycost.net" on the page. Bosley, Inc., Bosley Florida, and/or Bosley California similarly used Twitter.

19. The video in question had a watermark across the bottom: www.bosleycost.net which intentionally misrepresents the source of the video and intentionally implies an affiliation between Bolton and Bosley, Inc., Bosley Florida, and/or Bosley California when no such affiliation exists.

20. The Copied Video does not link the viewer to Bolton's website, www.GreatHairTransplants.com, or state the slogan on Dr. Bolton's Video, "Where Density Matters." Rather, the conclusion of The Copied Video states, "Prices, Facts, and Alternatives," and links the viewer to www.bosleycost.net with the statement: "Get informed before deciding!"

21. The Copied Video had 31,224 hits. Dr. Bolton's Video had 22,617 hits as of the date of filing the original Complaint.

4

22. On November 23, 2012, Bolton was notified by his technology service that The Copied Video had been uploaded by Bosley, Inc., Bosley Florida, and/or Bosley California, and/or their agents on their behalves, via the YouTube username "MrCarePolice."

23. Bosley, Inc. has a history of misleading and false advertising. In 1996, Bosley, Inc. was investigated based upon numerous consumer complaints and was found to have advertised based on misleading "after" pictures, where Bosley, Inc. showed men who went through the hair transplant procedures. These men turned out to be Bosley, Inc. employees who never went through the hair transplant procedure. See also: www.bosleymedicalviolations.com.

24. Bosley, Inc. previously sued one Michael Kremer for using Bosley, Inc.'s trademark as a website domain. As such, Bosley, Inc. is aware of websites on the Internet using Bosley, Inc. information.

25. Thus, Bosley, Inc., Bosley Florida, and/or Bosley California had a duty to prevent the owner of www.bosleycost.net from infringing on Bolton's copyrighted materials.

26. Even if Bosley, Inc., Bosley Florida, and/or Bosley California did not have a duty to prevent www.bosleycost.net from using Dr. Bolton's Video to promote its company, Bosley, Inc., Bosley Florida, and/or Bosley California still profited from the infringement and had the right and ability to prevent the infringement from occurring or continuing.

27. Bolton was defamed in the hair transplant community, as Bosley, Inc., Bosley Florida, and/or Bosley California do not enjoy the same high level of respect attributable to Dr. Bolton.

28. Bosley, Inc., Bosley Florida, and/or Bosley California purposefully participated in the unauthorized use of Bolton's image and likeness, which led to potential leads for Bolton

5

being directed to www.bosleycost.net and inevitably to Bosley, Inc., Bosley Florida, and/or Bosley California's website, www.bosley.com.

29. Bosley, Inc., Bosley Florida, and/or Bosley California misrepresented Bolton as a surgeon for Bosley, Inc., Bosley Florida, and/or Bosley California and knew or should have known that Bolton was not affiliated with Bosley, Inc., Bosley Florida, and/or Bosley California. Such misrepresentation was confusing to consumers, resulting in lost profits and injury to Bolton's reputation.

30. Bosley, Inc., Bosley Florida, and/or Bosley California knew or should have known, and actively participated in, the misrepresentation of Bolton's affiliation with Bosley, Inc., Bosley Florida, and/or Bosley California and failed to prevent the infringement.

31. Bosley, Inc., Bosley Florida, and/or Bosley California, and/or their agents on their behalves, posted The Copied Video on YouTube representing Bolton as a surgeon for Bosley, Inc., Bosley Florida, and/or Bosley California.

32. Dr. Bolton is not affiliated with Bosley, Inc., Bosley Florida, and/or Bosley California and is in direct competition with Bosley, Inc., Bosley Florida, and/or Bosley California.

33. The hair transplant industry is a niche market.

34. Of the people viewing The Copied Video, most will lead to transplant procedures.

35. Of those leads, most will come across Bosley, Inc., Bosley Florida, and/or Bosley California and the negative implications regarding Bosley, Inc., Bosley Florida, and/or Bosley California's business practices.

36. Thus, those that viewed The Copied Video would mistakenly associate Bolton's image, likeness, and person with Bosley, Inc., Bosley Florida, and/or Bosley California and Bosley, Inc., Bosley Florida, and/or Bosley California's business practices, defaming Bolton.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT OF DR. BOLTON'S VIDEO

37. Bolton re-alleges and incorporates by reference paragraphs 1-36 above as if fully set forth herein.

38. Bolton registered Dr. Bolton's Video with the United States Copyright Office on December 18, 2012.

39. Dr. Bolton's Video is an original production which contains copyrightable subject matter under the laws of the United States.  Bolton owns valid and subsisting copyrights in and to Dr. Bolton's Video.

40. Bolton's copyright is a valuable asset and integral to Bolton's marketing and sales of his hair transplantation procedures.

41. Bosley, Inc., Bosley Florida, and/or Bosley California, and/or their agents on their behalves, edited Dr. Bolton's Video to include a watermark stating, "www.bosleycost.net" across the bottom of The Copied Video.

42. No credit was given to Bolton for the The Copied Video's upload.

43. The Copied Video was uploaded with the purpose of directing potential clients to Bosley, Inc., Bosley Florida, and/or Bosley California rather than to Bolton.

44. Dr. Bolton's Video was reproduced in full except for the relevant portions that direct viewers to Bolton's information and services.  This information was merely substituted with a link to a website which provided Bosley, Inc., Bosley Florida, and/or Bosley California's information and services.

45. By copying and using Dr. Bolton's Video without authorization from Bolton, Bosley, Inc., Bosley Florida, and/or Bosley California committed copyright infringement in violation of the exclusive rights that Bolton owns pursuant to the Copyright Act, 17. U.S.C. §106.

46. The copyright infringement by Bosley, Inc., Bosley Florida, and/or Bosley California is knowing, intentional, deliberate, and willful and with full knowledge and in conscious disregard of Bolton's copyright.

47. As a result of Bosley, Inc., Bosley Florida, and/or Bosley California's acts of infringement, Bolton is entitled to recover his actual damages and/or any profits of Bosley, Inc., Bosley Florida, and/or Bosley California attributable to the copyright infringement pursuant to 17 U.S.C. §504(b).

<u>COUNT II</u>
<u>FALSE ADVERTISING IN VIOLATION OF SECTION 43(A)(1)(B) OF THE LANHAM ACT, 15 U.S.C. §1125(a)(1)(B)</u>

48. Dr. Bolton re-alleges and incorporates by reference paragraphs 1-36 above as if fully set forth herein.

49. The Copied Video contains materially false statements regarding Bosley, Inc., Bosley Florida, and/or Bosley California's purported affiliation with Bolton. The statements misrepresent the nature, characteristics, and quality of Bosley, Inc., Bosley Florida, and/or Bosley California's services. These are material misrepresentations upon which at least the public, marketplace, healthcare providers, customers, or potential customers have, and will, rely. Bosley, Inc., Bosley Florida, and/or Bosley California's actions therefore mislead and harm customers and consumers, among others, as well as damage Bolton's sales, good name and reputation, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

50. By reason of Defendants' conduct, Bolton has suffered, and will continue to suffer, damage to its business, reputation, and goodwill.  Pursuant to 15 U.S.C. §1117, Bolton is entitled to damages for Bosley, Inc., Bosley Florida, and/or Bosley California's Lanham Act violations, in an amount to be determined at trial, and  recovery of Bolton's costs and reasonable attorneys' fees in this action.

51. Bosley, Inc., Bosley Florida, and/or Bosley California's acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Bolton to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

## COUNT III
## UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A)(1)(A) OF THE LANHAM ACT, 15 U.S.C. §1125(a)(1)(A)

52. Bolton re-alleges and incorporates by reference paragraphs 1-36 above as if fully set forth herein.

53. Bolton has become uniquely associated with a very specific hair transplantation procedure which he invented and the public identifies Bolton as the source for the same.

54. Bosley, Inc., Bosley Florida, and/or Bosley California marketed their inferior services as being endorsed by, performed by, or affiliated with Bolton and, in doing so, misled, deceived, and confused consumers.  This has enabled Bosley, Inc., Bosley Florida, and/or Bosley California to trade off of Bolton's reputation and good will.  Pursuant to 15 U.S.C. §1117, Bolton is entitled to damages for Bosley, Inc., Bosley Florida, and/or Bosley California's Lanham Act violations, an accounting of profits made by Bosley, Inc., Bosley Florida, and/or Bosley California, and  recovery of Bolton's costs and reasonable attorneys' fees in this action.

## COUNT IV
## FALSE ADVERTISING IN VIOLATION OF FLORIDA STATUTES §772.104 AND §817.40 *et seq.*

55. Bolton re-alleges and incorporates by reference paragraphs 1-36 above as if fully set forth herein.

56. The Copied Video contains materially false statements regarding Bosley, Inc., Bosley Florida, and/or Bosley California's purported affiliation with Bolton. The statements misrepresent the nature, characteristics, and quality of Bosley, Inc., Bosley Florida, and/or Bosley California's services. These are material misrepresentations upon which at least the public, marketplace, healthcare providers, customers, or potential customers have, and will, rely. Bosley, Inc., Bosley Florida, and/or Bosley California's actions therefore misled and harmed customers and consumers, among others, as well as damaged Bolton's sales, good name and reputation in violation of §817.40, F.S.

57. By reason of Bosley, Inc., Bosley Florida, and/or Bosley California's conduct, Bolton has suffered, and will continue to suffer, damage to its business, reputation, and goodwill. Pursuant to Chapter 772, F.S., Bolton is entitled to damages for Bosley, Inc., Bosley Florida, and/or Bosley California's violations, in an amount to be determined at trial, and recovery of Bolton's costs and reasonable attorneys' fees in this action.

58. Bosley, Inc., Bosley Florida, and/or Bosley California's acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Bolton to recover additional damages and reasonable attorneys' fees pursuant to Section 772.185, F.S.

## COUNT V
## UNFAIR COMPETITION IN VIOLATION OF FLORIDA STATUTES §501.201, *et. seq*.

59. Bolton re-alleges and incorporates by reference paragraphs 1-36 above as if fully set forth herein.

60. Bolton has become uniquely associated with a very specific hair transplantation procedure which he invented, and the public identifies Bolton as the source for the same.

61. Bosley, Inc., Bosley Florida, and/or Bosley California marketed their inferior services as being endorsed by, performed by, or affiliated with Dr. Bolton and, in doing so, misled, deceived, and confused consumers. This has enabled Bosley, Inc., Bosley Florida, and/or Bosley California to trade off of Bolton's reputation and good will. Pursuant to Florida Statutes §501.201, Bolton is entitled to damages for Bosley, Inc., Bosley Florida, and/or Bosley California's violations, an accounting of profits made by Bosley, Inc., Bosley Florida, and/or Bosley California, and pursuant to Florida Statutes §501.2105, recovery of Bolton's costs and reasonable attorneys' fees in this action.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

62. Bolton re-alleges and incorporates by reference paragraphs 1-36 above as if fully set forth herein.

63. With full knowledge of Bolton's lack of affiliation with Bosley, Inc., Bosley Florida, and/or Bosley California, Bosley, Inc., Bosley Florida, and/or Bosley California have made false and misleading explicit and implicit representations to the general public, potential patients, doctors, and others, that their services are affiliated with Bolton.

64. Bosley, Inc., Bosley Florida, and/or Bosley California's misleading representations are likely to cause confusion, mistake, or deception about the nature,

characteristics, and qualities of their services in comparison, connection, or association with Bolton.

65. Bosley, Inc., Bosley Florida, and/or Bosley California knew, or in the exercise of reasonable discretion, should have known that their marketing program was using Dr. Bolton's Video and likeness and the deception about the nature, characteristics, and qualities of their services in comparison, connection, or association with Bolton.

66. Bosley, Inc., Bosley Florida, and/or Bosley California's actions are willful and have been undertaken with the purpose of deceiving consumers.

67. Bolton is entitled to damages for Bosley, Inc., Bosley Florida, and/or Bosley California's unfair competition, an accounting of profits made on sales resulting from the display of The Copied video, and recovery of Bolton's costs in this action.

## COUNT VII – UNJUST ENRICHMENT

68. Bolton re-alleges and incorporates by reference paragraphs 1-36 above as if fully set forth herein.

69. Bosley, Inc., Bosley Florida, and/or Bosley California's acts complained of herein constitute unjust enrichment of Bosley, Inc., Bosley Florida, and/or Bosley California at the expense of Bolton under the common law of the State of Florida.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRETT BOLTON, M.D., requests judgment be entered in his favor and against Defendants, BOSLEY, INC., BOSLEY MEDICAL GROUP, P.A., and BOSLEY MEDICAL GROUP, A MEDICAL CORPORATION, for damages as follows:

A. lost profits;

B. BOSLEY, INC., BOSLEY MEDICAL GROUP, P.A., and BOSLEY MEDICAL GROUP, A MEDICAL CORPORATION's profits due to the infringement;

C. costs;

D. attorney's fees;

E. reasonable royalties;

F. punitive damages.

G. And for an order that Defendants take corrective action to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of BOSLEY, INC., BOSLEY MEDICAL GROUP, P.A., and BOSLEY MEDICAL GROUP, A MEDICAL CORPORATION's services, including without limitation, the placement of corrective advertising.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated: October 29, 2013

Respectfully submitted,

By: /s/ Michael Bradford Walker
Michael Bradford Walker
Florida Bar No. 98823
michael@walkermcgrath.com
Morgan J. McGrath
Florida Bar Number: 98685
morgan@walkermcgrath.com
WALKER McGRATH PLLC
101 NE Third Avenue, Suite 1514
Fort Lauderdale, FL 33301
Telephone: (305) 790-1314
Facsimile: (305) 675-6459

Joshua D. Martin
Florida Bar No. 028100
josh.martin@johnsonmartinlaw.com

JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd., Suite 430
Fort Lauderdale, Florida 33309
Telephone: (954) 790-6699
Facsimile: (954) 206-0017

*Counsel for Plaintiff Dr. Brett Bolton*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 29th day of October 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Michael Bradford Walker

### SERVICE LIST

**BRETT BOLTON, M.D. V. BOSLEY, INC.
CASE NO. 13-60153-CIV-ROSENBAUM/HUNT**

**Attorneys for Defendants:**

**Joseph Thompson Thorton**
Email: thornton@tdflaw.com
**Aaron P. Davis**
Email: adavis@tdflaw.com
**Daniel B. Weiss**
Email: weiss@tdflaw.com
**Daniella Friedman**
Email: friedman@tdflaw.com
THORNTON, DAVIS & FEIN, P.A.
80 S.W. 8th Street
Suite 2900
Miami, FL 33130
Telephone: (305) 446-2646
Facsimile: (305) 441-2374